**EXECUTIVE AIRLINES, INC., Plaintiff,**

v.

**Richard VAN BENTHUYSEN, III, Defendant.**

**No. Civ. 00–1445(SEC).**

United States District Court, D. Puerto Rico.

March 22, 2001.

Carlos A. Rodriguez, Vivian Nuñez, Goldman, Antonetti & Cordova, San Juan, P.R., Angel Castillo, Jr., Morgan, Lewis & Bockius, LLP., Miami, FL, for plaintiff.

Judith Berkan, Berkan/Mendez, San Juan, P.R., Jonathan T. Suder, Friedman, Young, Suder & Cooke, Forth Worth, TX, for defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is Defendant Richard Van Benthuysen, III's, ("RVB"), motion to dismiss. **(Docket # 7).** For the reasons stated below, Defendant's motion is **DENIED.**

### I. Background

This is an action for declaratory judgment filed by Executive Airlines, Inc. ("Executive") against RVB, a former pilot who was discharged from work on February 14, 2000. (Docket # 1 ¶ 10). In its complaint, Executive Airlines affirms that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is a corporation organized under the laws of the State of Delaware with its principal place of business in Puerto Rico, while the Defendant is citizen of the State of North Carolina. (*Id.* ¶¶ 2–3). The amount involved in this litigation allegedly exceeds the jurisdictional amount of $75,000. Venue is proper because a substantial part of the events giving rise to the complaint occurred within the district of Puerto Rico.

In essence, Executive alleges that it was RVB's employer from August 1999 until February 14, 2000, when RVB was dismissed from work. Executive further alleges that at all times during his employment, RVB was on probationary period, meaning that he could be dismissed without cause or notice pursuant to the terms of a collective bargaining agreement. (*Id.* ¶ 9). However, after his discharge, RVB filed a complaint in the local courts of the State of Texas, alleging that his termination was wrongful under the common law of the State of Texas. He named as defendants American Eagle Airlines, Inc. and "AMR Eagle, Inc.," a non-existent entity. (*Id.* ¶ 11). Executive describes

American Eagle Airlines, Inc. as a "sister company," but one which is different and separate from it. The training of Executive pilots is carried out at the American Eagle training school in Texas, but once the pilot completes the training they are hired by any of the associated carrier companies, in this case Executive. Once Executive hires a pilot, American Eagle ceases as an employer. (*Id.* at 8).[1]

Executive alleges that RVB's choice to sue American Eagle and a non-existent entity in Texas was an attempt at forum shopping. (*Id.*) Accordingly, Executive requests the entry of a declaratory judgment ruling that it was Defendant's employer and that it had the right to lawfully terminate the Defendant without cause during his probationary employment, which it did. A request for an award of reasonable attorney's fees and costs was also made.

After being summoned, the Defendant moved on July 10, 2000, for dismissal of the complaint on three grounds: (1) that this Court lacks personal jurisdiction over him; (2) that the Court lacks subject matter jurisdiction over this action because it is not justiciable, i.e. it does not present a case or controversy; and (3) venue is not proper in the District of Puerto Rico. (Docket # 7, Def.'s Br. at 2). However, none of the three arguments have persuaded the Court, as shall be explained below.

### II. Personal Jurisdiction

The defendant argues that this Court does not have personal jurisdiction over him because:

> While [he] may have been engaged in the activities of his employment while in Puerto Rico and he may have been discharged from his employment while he was in Puerto Rico, the dispute, contro-

---

1. Since the Court's ruling today is issued upon a motion to dismiss, the Court has interpreted the pleadings in the light most favorable to the non movant.

versy, or disagreement which the Plaintiff asserts in this action (the disagreement over whether the Plaintiff was the Defendant's employer and whether it wrongfully discharged him) if there is any such dispute, controversy or disagreement, arose from outside of Puerto Rico.

(Docket # 7 at 5). In making this argument the Defendant intentionally misplaces the origin of the the controversy to an unspecified location outside of Puerto Rico. However, the controversy in this case concerns RVB's alleged unlawful discharge by his employer, while he was employed in Puerto Rico. Therefore, even if the Court were to interpret the controversy in this case as the Defendant would have it construed, the Court is not deprived of jurisdiction. Whether or not Executive, or any other entity, were RVB's employer at the time is an issue that this Court is empowered to determine so long as the Defendant candidly admits—as he's done—that he worked in Puerto Rico and that he was discharged from his position while working in the Commonwealth of Puerto Rico.

In *Pritzker v. Yari*, 42 F.3d 53 (1st Cir.1994), the First Circuit specified 'that personam jurisdiction depends on the satisfaction of two requirements:

> First, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution.

*Id.* at 60. Both requirements are met in this case, since the Commonwealth of Puerto Rico has a long-arm statute that covers the relationship the Defendant established with this forum, 32 P.R.Laws Ann.App. III, R. 4.7(a)(1) (extending jurisdiction over a person not domiciled in Puerto Rico "if the action or claim arises because said person transacted business in Puerto Rico personally or through an agent."); and the Court's exercise of jurisdiction in this case conforms to the strictures of the Constitution.

First, by working as a pilot for a Puerto Rico based company, flying in and out of Puerto Rico, the Defendant personally transacted business in Puerto Rico. Second, this litigation strictly relates to Defendant's transactions in this forum. Third, the Court's exercise of jurisdiction in this context is fair, just, and reasonable. In *Pritzker*, 42. F.3d at 60–1, the First Circuit explained that the application of a long-arm statute in any given context is proper if:

> First, the claim underlying the litigation ... directly arise[s] out of, or relate[s] to, the defendant's forum-state activities. Second, the defendant's in-state contacts ... represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's law and making the defendant's involuntary presence before the court foreseeable. Third, the exercise of jurisdiction [is], in light of the Gestalt factors, ... reasonable.

In this case, the Defendant has admitted that he was employed in Puerto Rico during the time relevant for this litigation. In addition, he admitted that his dismissal occurred in Puerto Rico, for facts related to his employment in this district. His alleged former employer—Executive—seeks a declaratory judgment to the effect that his dismissal was legal. Thus, the complaint directly involves Defendant's transactions or contacts with this forum. In addition, the Defendant benefitted from the legal contacts with Puerto Rico, because he was protected by the laws of Puerto Rico while he worked here and his

contacts with this forum "represent a purposeful availment of the privilege of conducting activities in Puerto Rico." *Id.* at 61.

 Regarding the gestalt factors, there is little doubt in the judicial conscience that they are met as well. The gestalt factors cover:

(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

*Pritzker,* 42 F.3d at 63–4. All these factors favor the exercise of jurisdiction by this Court. First, it is evident that Puerto Rico has a strong interest in adjudicating the dispute. Illustrative of that are: (a) the fact that RVB was based in Puerto Rico at the time; (b) that RVB's alleged incompetency or negligence as a pilot occurred on a plane that departed out of Puerto Rico and which transported residents of Puerto Rico; (c) the subsequent investigation of that incident took place in Puerto Rico; and (d) the majority of Executive employees with knowledge of RVB's actions and the reasons for his dismissal are residents of Puerto Rico.

Second, Plaintiff's interest in obtaining convenient and effective relief clearly favors the exercise of this Court's jurisdiction, because Executive is a corporation over which the Texas court has no personal jurisdiction. In fact, should this action be dismissed, Executive would be deprived of a remedy, so long as the Defendant persists in pursuing his suit in Texas. This situation also sheds light upon the third factor, the judicial system's interest in obtaining the most effective resolution of the controversy.

Finally, the Defendant has not demonstrated that "the exercise of jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way." *Pritzker,* 42 F.3d at 64. In fact, as a resident of North Carolina, he faces the same inconveniences in prosecuting his case in Texas, as he does in Puerto Rico. Accordingly, Defendant's motion to dismiss on grounds of lack of personam jurisdiction is **DENIED.**

### III. Subject Matter Jurisdiction

 Defendant's arguments of lack of subject matter jurisdiction are equally unavailing. He sustains that there is no justiciable dispute among the parties in this case because he has not made any allegations of wrongdoing against the Plaintiff. In particular, "[h]e has not actually denied that the Plaintiff may have legally been a co-employer of his. He has merely asserted that the two other parties (who on the one hand, were his sole employers or on the other hand, were his co-employers) wrongfully discharged him. His allegations in this regard do not, in any manner implicate legal rights of the Plaintiff." (Docket # 7 at 12). The inconsistency in this argument is patent. First RVB files a complaint in the State of Texas against a company which he affirms to be his former employer or "co-employer" alleging unlawful discharge. Now, he admits the possibility that Executive may have been his employer or "co-employer" at the time, and ventures out to say that no case or controversy exists against this party because he chose not to file suit against it, when in fact there is a real possibility that Executive may be a party in interest to his claim of unlawful discharge.

It is precisely for scenarios like these that the Declaratory Judgment Act was created. *Seattle Audubon Society v.*

*Moseley,* 80 F.3d 1401, 1405 (9th Cir.1996) (stating that the Declaratory Judgment Act was "intended to allow earlier access to federal courts in order to spare potential defendants from the threat of impending litigation."). Indeed, "courts have not hesitated to issue a declaration if one or both parties have taken steps or pursued a course of conduct which will result in imminent and inevitable litigation, provided the issue is not settled and stabilized by a tranquilizing declaration." *Browning–Ferris Indus. of Ala. v. Ala. Dept. of Envtl. Mgmt.,* 799 F.2d 1473 (11th Cir.1986). Accordingly, Defendant's motion to dismiss on grounds of the non-justiciability of claims, is also **DENIED.**

### IV. Venue

 Having already decided that the Court has personal and subject matter jurisdiction over the parties and issues involved in this litigation, it is not difficult now to hold that this district is the proper venue. RVB points out that venue is proper where the defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. While this is true,[2] the argument he attempts to build upon it, is not. He boldly indicates that the events object of this controversy did not occur in substantial part in Puerto Rico. For that purpose he mischaracterizes the nature of this action as a controversy over which company was his employer at the time of his dismissal and thus conveniently ignores his allegations of wrongful discharge against said employer. However, the Court finds that it is not relevant to this dispute where the Defendant denied for the first time that

Executive was his employer-as he may have the Court believe, (*see* Docket # 7, Def.'s Br. at 15)—, but rather, where he was employed, by whom, and the reasons for his discharge. *See W.J. Nolan & Co. v. Midway Fed. Credit Union,* 913 F.Supp. 806, 810 (S.D.N.Y.1996) (when making a determination of venue courts should look to where the parties acted or were engaged in business). All of these facts occurred in Puerto Rico. Consequently, this Court is the proper venue for Plaintiff's complaint.

Pursuant to the reasons stated above, Defendant's motion to dismiss, (**Docket # 7**), is **DENIED.** In addition, the Defendant is **ORDERED** to file an answer to Plaintiff's complaint within ten days of the entry on the docket of this Order, as provided by Fed.R.Civ.P. 12(a)(4)(A).

**SO ORDERED.**

---

**2.** This argument is founded on 28 U.S.C. § 1391, which provides:
(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.